1  MICHAEL L. SWAIN (133260)
   ROSS I. LANDAU (259260)
2  SWAIN & DIPOLITO LLP
   555 East Ocean Boulevard, Suite 600
3  Long Beach, California 90802
   Telephone:  (562) 983-7833
4  Facsimile:  (562) 983-7835
   E-mail: mswain@swaindipolito.com
5          rlandau@swaindipolito.com

6  Attorneys for Defendant,
   HYUNDAI MERCHANT MARINE CO., LTD.
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 CASTLE ROCK FARMING, LLC dba Castle )  Case No. 2:17-cv-07163-
   Rock Vineyards, a limited liability )  RSWL-JC
12 company; and ZURICH AMERICAN         )
   INSURANCE COMPANY, a/s/o Castle      )  Honorable Ronald S.W. Lew
13 Rock Farming, LLC dba Castle Rock    )
   Vineyards, a corporation;            )  ANSWER TO COMPLAINT FOR
14                                      )  DAMAGE TO OCEAN CARGO
                  Plaintiffs,           )
15                                      )
        v.                              )
16                                      )
   HYUNDAI MERCHANT MARINE (AMERICA),   )
17 INC., a corporation; HYUNDAI         )
   MERCHANT MARINE CO., LTD., a         )
18 corporation; HYUNDAI MERCHANT        )
   MARINE, a corporation; and DOES      )
19 ONE to TEN;                          )
                                        )
20                Defendants.           )
                                        )
21 _____)

22      Defendant Hyundai Merchant Marine Co., Ltd., on behalf of

23 itself only and no other party, and for its Answer to plaintiffs'

24 Complaint for Damage to Ocean Cargo ("Complaint") in the

25 captioned matter, admits, denies, and alleges as follows:

26 ///

27 ///

28 ///

1.  Answering the allegations of paragraph 1 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth thereof, and upon such ground, denies same.

2.  Except to admit Hyundai Merchant Marine Co., Ltd., is a common carrier of goods for hire and a corporation doing business in this district, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and upon such ground, denies same.

3.  Answering the allegations of paragraph 3 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth thereof, and upon such ground, denies same.

4.  Defendant admits this Court has jurisdiction under 28 U.S.C. §1331 and §1333, but is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and upon such ground, denies same.

5.  Defendant admits this is an admiralty and maritime claim within the meaning of Rule 9(h), Fed. R. Civ. P., but is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and upon such ground, denies same.

Hyundai Answer to Complaint for Damage to Ocean Cargo

6. Except to admit that defendant Hyundai Merchant Marine Co., Ltd., issued Hyundai bill of lading No. HDMUSMWB0010933 for the carriage of the goods described therein from Los Angeles, California, to Jakarta, Indonesia; defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and upon such ground, denies same, and defendant specially denies the goods were in good order and condition when received or that it agreed to deliver the goods in good order and condition.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies each and every allegation of paragraph 9 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Improper and/or insufficient service of process on the defendants, and each of them.

///

## THIRD AFFIRMATIVE DEFENSE

The Central District of California is an improper and/or inconvenient forum for the adjudication of this controversy.

## FOURTH AFFIRMATIVE DEFENSE

As a complete and separate defense, the plaintiffs, and each of them, lack capacity to sue, standing to sue, and/or are not the real party in interest.

## FIFTH AFFIRMATIVE DEFENSE

Alternatively, if defendant has any liability or responsibility in connection with the matters alleged in the Complaint, which defendant denies, defendant's liability is subject to and limited by the provisions of the U.S. Carriage of Goods By Sea Act, Title 46 U.S.C. 46 U.S.C. § 30701, et seq. ("the Act"). Defendant alleges that if any loss or damage occurred to the cargo as alleged in the Complaint, the loss or damage was proximately caused by one or more of the causes for which the carrier is exempted from liability under the terms of the Act. To the extent that defendant may be held to have any liability or responsibility in connection with the carriage alleged in the Complaint, defendant is entitled to the benefit of, and relies upon, each and every limitation of, and exemption from, liability provided by the Act.

///

///

///

Hyundai Answer to Complaint for Damage to Ocean Cargo

## SIXTH AFFIRMATIVE DEFENSE

As a complete and separate defense, a bill of lading was issued by Hyundai Merchant Marine, Co., Ltd., for the carriage alleged in the Complaint. To the extent that defendant has any responsibility for, or liability in connection with, the carriage, such liability is subject to each and every limitation of, and exemption from, liability contained in the various terms of the bill of lading, on each of which defendant relies without further specification thereof. Defendant alleges upon information and belief that if any loss or damage occurred to the cargo as alleged in the Complaint, the loss or damage was proximately caused by one or more of the causes for which defendant is exempted from liability under the various terms of the bill of lading.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the loss or damage occurring to the subject cargo, if and to the extent such in fact occurred, which is denied, was wholly or in part caused by the carelessness and negligence of persons, firms, corporations or entities other than this answering defendant, and for whose conduct this answering defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the loss or damage occurring to the subject cargo, if and to the extent that such in fact occurred, which is denied, was actually and proximately caused by the active and affirmative negligence of plaintiffs, and each of

Hyundai Answer to Complaint for Damage to Ocean Cargo

them, or other persons, firms, corporations, or entities other than this answering defendant, and this answering defendant's negligence, if any, was passive in nature. Defendant, therefore, alleges that plaintiffs herein, and each of them, or other persons, firms, corporations, or entities are primarily liable for any damages which may have given rise to this action herein.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs, and each of them, have failed to mitigate their damages, if any, and/or their claims are barred in whole or in part by the doctrine of avoidable consequences.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to the terms and conditions of Hyundai Merchant Marine Co., Ltd.'s bill of lading and/or the applicable law, defendant's liability, if any, is limited to $500.00 per package or customary freight unit, or on any other basis set forth in the bill of lading.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred under the terms and conditions of the bill of lading contract of carriage and/or the Act, or by operation of the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant invokes the benefit of the forum selection, arbitration, or alternative dispute resolution clause set forth in the bill of lading contract of carriage.

Hyundai Answer to Complaint for Damage to Ocean Cargo

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, equitable estoppel, and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a complete and separate defense, the plaintiff's alleged damages, if any, were caused by an Act of God and/or an unavoidable accident, for which this defendant cannot be held legally responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to join necessary and/or indispensable parties.

WHEREFORE, defendant Hyundai Merchant Marine Co., Ltd. prays as follows:

1. That plaintiff take nothing by its Complaint on file herein, and that said Complaint be dismissed with prejudice;

2. That defendant receive an award of its expenses and court costs; and

///
///
///
///
///

3. For such further relief as this Court may deem just and appropriate.

DATED: December 12, 2017        SWAIN & DIPOLITO LLP

                                By: _____
                                    MICHAEL L. SWAIN
                                    Attorneys for Defendant,
                                    HYUNDAI MERCHANT MARINE CO.,
                                    LTD.